**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM WILLIAMS | } | CA 05 369 ML |
| | } | CA No. |
| Vs. | } | |
| | } | |
| GLOBAL AEROSPACE, INC., | } | |
| d/b/a GLOBAL AEROSPACE | } | |

**COMPLAINT**

1. Plaintiff William Williams is a resident of the City of Akron in the State of Ohio.

2. Defendant Global Aerospace Inc., d/b/a Global Aerospace is a Delaware corporation and insurance entity with a principle place of business in the State of New Jersey authorized to do business and doing business in the State of Rhode Island and has the necessary minimum contacts to be subject to the jurisdiction of this Court. Said Defendant is the liability insurer of U.S. Airways, Inc., providing insurance coverage to U.S. Airways applicable to and for the claims asserted herein. Said Defendant has been substituted for and is directly liable for the negligence of U.S. Airways, Inc., and its agents, servants and employees of, pursuant to R.I.G.L. §27-7-2.4, as U.S. Airways, Inc., has filed for bankruptcy in the United States Bankruptcy Court in the Eastern District of Virginia, case No. 04-13819.

3. Jurisdiction of this action is vested in this Court pursuant to 42 U.S.C. § 1332. The amount in controversy is sufficient to satisfy the jurisdictional minimum of this Court.

## COUNT I

4. Paragraphs 1 through 3 are incorporated by reference as if set forth fully herein.

5. Prior to September 1, 2003, Plaintiff William Williams purchased, through Fine Travel in Providence, Rhode Island, an airline ticket from U.S. Airways, Inc. which round trip ticket included a ticket for travel from Providence, Rhode Island to Canton, Ohio, with a stop and flight change in Pittsburgh, Pennsylvania.

6. At the time the airline reservation was made, it was requested and U.S. Airways agreed to provide Plaintiff William Williams with wheelchair assistance and transport to and from the gate area at the airport at the time of the flight change.

7. Specifically, the airline reservation contract and ticket provided that the Plaintiff was to travel by U.S. Airways flight 1529 on Monday, September 1, 2003, from Providence to Pittsburgh, changing planes in Pittsburgh, with wheelchair assistance and transport to and from the gate, to board U.S. Airways flight No. 4047 from Pittsburgh to Canton, Ohio.

8. Plaintiff required wheelchair transport and assistance as he is disabled and elderly and U.S. Airways, Inc., its agents, servants, and employees knew or should have known that such assistance would need to be properly provided.

9. At all times relevant hereto, U.S. Airways, Inc., its agents, servants, and employees, had a duty to provide reasonably safe transport for Plaintiff, including transport to and from the planes, while Plaintiff was traveling on said airline.

10. Nonetheless, U.S. Airways, Inc., its agents, servants and employees, breached said duty and were negligent in that they failed to use reasonable care in the transport of the Plaintiff, William Williams.

11. As a direct and proximate result of the negligence of U.S. Airways, Inc., as aforesaid, Plaintiff William Williams fell and sustained severe injuries in the course of changing flights in Pittsburgh, Pennsylvania.

12. As a direct and proximate result of the negligence of U.S. Airways, Inc., as aforesaid, Plaintiff William Williams suffered severe personal injuries, including but not limited to a fracture of his right ankle, endured extreme pain and suffering and mental anguish, has incurred and will in the future incur expenses for medical treatment and care, and said Plaintiff was and otherwise is greatly injured.

**WHEREFORE**, Plaintiff William Williams demands judgment against Defendant Global Aerospace Inc., d/b/a Global Aerospace as insurer for U.S. Airways, Inc., in an amount as a jury may see fit, plus interests and costs.

**COUNT II**

13. Paragraphs 1 through 11 are incorporated by reference as if set forth fully herein.

14. U.S. Airways, Inc., was contractually obligated, per the terms of the airline reservation contract and ticket, to provide for wheelchair assistance and transport for Plaintiff William Williams at the time of his connection to the flight in Pittsburgh, Pennsylvania.

15. U.S. Airways, Inc., through its agents, servants and employees, breached the contract and failed to adequately provide necessary and proper wheelchair assistance and transport to Plaintiff William Williams.

16. As a result of U.S. Airway Inc.'s breach of contract as aforesaid, Plaintiff William Williams suffered severe personal injuries, including but not limited to a fracture of his right ankle, endured extreme pain and suffering and mental anguish, has

incurred and will in the future incur expenses for medical treatment and care, and said Plaintiff was and otherwise is greatly injured.

**WHEREFORE,** Plaintiff William Williams demands judgment against Defendant Global Aerospace Inc., d/b/a Global Aerospace, as insurer for U.S. Airways, Inc., in an amount as a jury may see fit, plus interests and costs.

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

Plaintiff,
WILLIAM WILLIAMS
By his Attorneys,
VINCENT D. MORGERA, Ltd.

Vincent D. Morgera, Esq. (#2052)
Mark H. Grimm, Esq. (#3130)
One Turks Head Place, Suite 1110
Providence, R.I. 02903
Phone: (401) 456-0300
Fax: 421-3005