UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM WILLIAMS, Plaintiff, | : | |
| v. | : | C.A. No. 05-369ML |
| GLOBAL AEROSPACE, INC., D/b/a GLOBAL AEROSPACE Defendant. | : | |

**ANSWER**

Defendant Global Aerospace, Inc. ("Global Aerospace") hereby responds as follows to the allegations contained in the Complaint of Plaintiff William Williams ("Plaintiff").

**First Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Global Aerospace hereby responds as follows to the correspondingly numbered allegations contained in Plaintiff's Complaint:

1. Global Aerospace lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Global Aerospace admits that it is a Delaware corporation, has its principal place of business in the State of New Jersey, is authorized to do business in Rhode Island, and is the liability insurer of U.S. Airways, Inc. ("U.S. Airways"). The balance of Paragraph 2 recites conclusions of law to which no responsive pleading is required. To the

extent that Paragraph 2 makes factual allegations to which a responsive pleading is required, Global Aerospace denies these allegations.

3. Paragraph 3 recites conclusions of law to which no responsive pleading is required. To the extent that Paragraph 3 makes factual allegations to which a responsive pleading is required, Global Aerospace denies these allegations.

**Count I**

4. Global Aerospace restates its responses to Paragraphs 1 through 3 as if fully set forth herein.

5. Global Aerospace lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Global Aerospace denies the allegations contained in Paragraph 6.

7. The allegations of Paragraph 7 reference a writing, the contents of which speak for themselves. To the extent that the allegations of Paragraph 7 differ from the contents of that writing, Global Aerospace denies the allegations.

8. Global Aerospace denies the allegations contained in Paragraph 8.

9. Paragraph 9 recites conclusions of law to which no responsive pleading is required. To the extent that Paragraph 9 makes factual allegations to which a responsive pleading is required, Global Aerospace denies these allegations.

10. Global Aerospace denies the allegations contained in Paragraph 10.

11. Global Aerospace denies the allegations contained in Paragraph 11.

12. Global Aerospace denies the allegations contained in Paragraph 12.

**Count II**

13. Global Aerospace restates its responses to Paragraphs 1 through 12 as if

fully set forth herein.

14. The allegations of Paragraph 14 reference a writing, the contents of which speak for themselves. To the extent that the allegations of Paragraph 14 differ from the contents of that writing, Global Aerospace denies the allegations.

15. Global Aerospace denies the allegations contained in Paragraph 15.

16. Global Aerospace denies the allegations contained in Paragraph 16.

**First Affirmative Defense**

Plaintiff's claims must fail because Plaintiff's damages were not proximately or actually caused by any acts or omissions of Global Aerospace and/or U.S. Airways.

**Second Affirmative Defense**

Plaintiff's claims must fail because Plaintiff's damages were caused by third parties and/or conditions outside the control of Global Aerospace and/or U.S. Airways.

**Third Affirmative Defense**

Plaintiff's claims fail because of Plaintiff's assumption of the risk and/or comparative negligence.

**Fourth Affirmative Defense**

Plaintiff's claims must fail in whole or in part due to Plaintiff's failure to mitigate his damages.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by the statute of limitations and/or the doctrine of laches.

**Seventh Affirmative Defense**

Plaintiff's claims are barred because Plaintiff's alleged contractual claims derive from parole evidence.

**Eighth Affirmative Defense**

Plaintiff's claims must fail because of lack of agency and/or authority.

WHEREFORE, Defendant Global Aerospace, Inc. requests an Order of this Court denying and dismissing all claims and prayers for relief contained in Plaintiff's Complaint, and requests a Judgment in its favor in the amount of Global Aerospace's costs of suit and reasonable attorneys' fees.

GLOBAL AEROSPACE, INC.

By its Attorneys,

Armando E. Batastini (#6016)
Caroline F. Turcotte (#7165)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 22nd day of September, 2005, I caused a true copy of the within Answer to be mailed by first class mail, postage prepaid, to the following counsel of record:

Mark H. Grimm, Esq.
Vincent D. Morgera, Ltd.
One Turks Head Place, Suite 1110
Providence, RI 02903